Filed 1/25/23  P. v. Baranovych CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>VLADISLAV LEONIDOV BARANOVYCH,<br><br>        Defendant and Appellant. | C095064<br><br>(Super. Ct. No. CRF20211509) |

A jury found defendant Vladislav Leonidov Baranovych guilty of possession of a controlled substance with a loaded firearm, possession of a firearm as a convicted felon, possession of ammunition as a person prohibited from possessing a firearm, misdemeanor possession of a controlled substance, and possession of burglary tools.  The trial court sentenced defendant to concurrent sentences for the latter four counts and imposed a variety of fines and assessments.  On appeal, defendant argues:  (1) Penal Code section

1

654 requires the sentences for three of the counts be stayed;[1] (2) because section 654 applies, Assembly Bill No. 518 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 441; Assembly Bill 518) requires remand so the trial court may exercise its discretion to determine which sentence to stay; and (3) the trial court erred in imposing fines and assessments without an ability to pay hearing consistent with *People v. Dueñas* (2019) 30 Cal.App.5th 1157.

The People concede that some, but not all, of the counts must be stayed under section 654 and that Assembly Bill 518 thus requires remand for the trial court to exercise its discretion to choose which sentences to stay. We accept these concessions but otherwise reject defendant's claims, remand the matter for the trial court to decide whether to exercise its new discretion and entertain any arguments as to defendant's ability to pay, and direct the trial court to correct errors in the abstract of judgment. We otherwise affirm the judgment.

## I. BACKGROUND

In June 2021, several police officers responded to a call reporting gunfire. One officer found a truck matching the description in the call at a gas station. Defendant was near the truck. The officer saw defendant place an object that looked like a gun underneath the truck. The officers detained defendant. One officer retrieved the gun, a .40-caliber handgun, from underneath the truck. When the officer retrieved the gun, he removed a magazine which contained nine rounds. The serial number on the gun had been scratched off. The officer searched defendant and found a baggy of heroin in his pants pocket. The officer also found two shaved keys, which could be used to unlock car or residential doors.

Another officer retrieved surveillance footage from the gas station showing defendant walking from the station with a green bag. A search of the bag found a box of

---

[1] Undesignated statutory references are to the Penal Code.

45 rounds of .40-caliber ammunition. Some, but not all, of the rounds in the gun's magazine were the same type of ammunition as in the box. There were also more shaved keys in the bag and a lock picking set.

The prosecution charged defendant with possession of a controlled substance while armed with a loaded firearm (Health & Saf. Code, § 11370.1, subd. (a)—count 1), possession of a firearm by a convicted felon (§ 29800, subd. (a)(1)—count 2), possession of ammunition by a person prohibited from possessing a firearm (§ 30305, subd. (a)— count 3), possession of a firearm without an identifying mark (former § 12094—count 4), misdemeanor possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a)—count 5), and possession of burglary tools (§ 466—count 6). A jury found defendant guilty of all counts, except for count 4, which was dismissed.

In October 2021, the trial court sentenced defendant to an aggregate term of three years, which included the three-year midterm for count 1; a concurrent two-year term for each of counts 2 and 3; and a concurrent 180-day term for each of counts 5 and 6. The court also imposed a $300 restitution fine (§ 1202.4), a $300 parole revocation fine (§ 1202.45), a $40 court operations assessment (§ 1465.8), and a $30 criminal conviction assessment (Gov. Code, § 70373).

## II.  DISCUSSION

*A.      Section 654*

Defendant contends the trial court erred when it imposed concurrent sentences for the possession of a firearm by a convicted felon, possession of ammunition by a person prohibited from possessing a firearm, and possession of a controlled substance counts because those counts should have been stayed under section 654. He argues the latter two counts were the result of the same conduct as the possession of a controlled substance while armed with a loaded firearm offense, and thus he could not be separately punished. The People agree the possession of a firearm and possession of a controlled substance counts should have been stayed, but assert the possession of ammunition count

3

constituted a separate act because defendant possessed ammunition not only within the firearm's magazine, but also in a separate box in his bag. We agree with the People.

Section 654, subdivision (a) states in relevant part: "An act or omission that is punishable in different ways by different provisions of law may be punished under either of such provisions, but in no case shall the act or omission be punished under more than one provision." " 'Whether a course of criminal conduct is divisible and therefore gives rise to more than one act within the meaning of section 654 depends on the intent and objective of the actor. If all of the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one.' " (*People v. Rodriguez* (2009) 47 Cal.4th 501, 507, italics omitted.)

" ' "Whether a violation of [former] section 12021, forbidding persons convicted of felonies from possessing firearms . . . constitutes a divisible transaction from the offense in which he [or she] employs the weapon depends upon the facts and evidence of each individual case. Thus where the evidence shows a possession distinctly antecedent and separate from the primary offense, punishment on both crimes has been approved. On the other hand, where the evidence shows a possession only in conjunction with the primary offense, then punishment for the illegal possession of the firearm has been held to be improper where it is the lesser offense." ' " (*People v. Jones* (2002) 103 Cal.App.4th 1139, 1143-1144, fn. omitted.) "[A] single possession or carrying of a single firearm on a single occasion may be punished only once under section 654." (*People v. Jones* (2012) 54 Cal.4th 350, 357.) However, " 'simultaneous possession of different items of contraband' are separate acts" because " 'the possession of one item is not essential to the possession of another separate item.' " (*Id.* at p. 358.) Thus, for example, "a felon who possesses several firearms is more culpable than one who possesses a single weapon." (*People v. Correa* (2012) 54 Cal.4th 331, 342.) To be convicted of possession of a controlled substance while armed with a firearm, a defendant

4

must unlawfully possess, as relevant here, "a substance containing heroin . . . while armed with a loaded, operable firearm." (Health & Saf. Code, § 11370.1, subd. (a).)

" 'The defendant's intent and objective are factual questions for the trial court; [to permit multiple punishments,] there must be evidence to support [the] finding the defendant formed a separate intent and objective for each offense for which he was sentenced.' " (*People v. Coleman* (1989) 48 Cal.3d 112, 162.)

Here, there was only one firearm that formed the basis for the possession of a firearm by a convicted felon offense and the possession of a controlled substance while armed with a firearm offense. Thus, as the parties agree, defendant could be punished for only one of those convictions, and the court was required to stay the sentence for one or the other. (*People v. Williams* (2009) 170 Cal.App.4th 587, 645-646.) The same analysis applies to the possession of a controlled substance offense: only one quantity of heroin was found in the search, so the single act of possessing that heroin comprised both the possession of a controlled substance while armed offense and the possession of a controlled substance offense. As a result, the court was also required to stay the sentence for one of these two convictions. (*People v. Washington* (2021) 61 Cal.App.5th 776, 797.)

Substantial evidence supports, however, the unstayed imposition of a separate punishment for the possession of ammunition count, as defendant's offenses consisted of two distinct acts performed with separate intents. One act was possessing the heroin and the firearm, the other was possessing the ammunition found in defendant's bag. Possessing a firearm in violation of section 29800 and possessing ammunition in violation of section 30305 do not necessarily share a common intent. And, the gun and the ammunition were kept separately. That the ammunition could have been used in the gun does not establish possessing the items was an indivisible course of conduct with the same objective.

5

Defendant relies on *People v. Lopez* (2004) 119 Cal.App.4th 132 (*Lopez*), to support his argument that the possession of ammunition offense arose from the same conduct as the "firearm possession convictions," but the case is distinguishable. In *Lopez*, the defendant was found possessing a loaded firearm. The defendant was convicted of multiple crimes based on the one act, and the appellate court stayed sentencing on the additional crime. (*Id.* at p. 139.)

The *Lopez* court made clear, however, that this analysis applied only to the specific circumstances of that case: "While there may be instances when multiple punishment is lawful for possession of a firearm and ammunition, the instant case is not one of them. Where, as here, *all of the ammunition is loaded into the firearm*, an 'indivisible course of conduct' is present and section 654 precludes multiple punishment." (*Lopez, supra*, 119 Cal.App.4th at p. 138, italics added.) In the instant case, defendant possessed ammunition separate from the loaded handgun. As noted above, the ammunition possession and the firearm possession were two separate acts, and they could have been separately punished accordingly.

B.  *Assembly Bill 518*

Assuming section 654 applies to his case, defendant further argues the changes made to section 654 by Assembly Bill 518, which amended section 654 to give trial courts increased discretion, should apply retroactively to his case. Defendant contends the changes require that his case be remanded for resentencing. The People agree remand is required. We agree with the parties.

At the time defendant was sentenced, section 654, former subdivision (a) provided: "[a]n act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." (Stats. 1997, ch. 410, § 1.) As amended by Assembly Bill 518, which went into effect January 1, 2022, section 654, subdivision (a) now

6

provides: "[a]n act or omission that is punishable in different ways by different provisions of law *may be punished under either of such provisions . . . .*" (Stats. 2021, ch. 441, § 1, italics added.) Thus, as amended, where section 654 applies, that section now authorizes trial courts to exercise their discretion in choosing the count for which punishment will be imposed rather than requiring the longest potential term of imprisonment.

Defendant contends that, because his case is not yet final, he is entitled to the benefits of amended section 654. In *In re Estrada* (1965) 63 Cal.2d 740, the California Supreme Court held, "a statute that reduced the punishment for a crime applied retroactively to any case in which the judgment was not final before the statute took effect." (*People v. Superior Court (Lara)* (2018) 4 Cal.5th 299, 303.) " 'The *Estrada* rule rests on an inference that, in the absence of contrary indications, a legislative body ordinarily intends for ameliorative changes to the criminal law to extend as broadly as possible, distinguishing only as necessary between sentences that are final and sentences that are not.' " (*Id.* at p. 308.)

Assembly Bill 518 results in ameliorative changes with potential to impact defendant's sentence, it contains no indication the Legislature intended the amendment to apply prospectively only, and defendant's case was not final before amended section 654 went into effect. Thus, we agree that its changes apply here. (*People v. Mani* (2022) 74 Cal.App.5th 343, 379.)

Here, the trial court imposed a three-year sentence for defendant's possession of a controlled substance while armed with a firearm conviction, and should have stayed a two-year sentence for defendant's possession of a firearm as a convicted felon conviction. Under the amended law, the court now has discretion to determine which sentence it should impose and which sentence it should impose and stay.

There is no clear indication what sentencing decisions the trial court would have made if it had possessed the sentencing discretion given by Assembly Bill 518.

7

(*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391 [when sentencing decisions are made without informed discretion, "the appropriate remedy is to remand for resentencing unless the record 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion' "].) Thus, we conclude remand is appropriate so the trial court may fully resentence defendant, incorporating the new legislative changes. (See *People v. Buycks* (2018) 5 Cal.5th 857, 896, fn. 15.)

C.      *Fines and Fees*

Relying on *People v. Dueñas, supra*, 30 Cal.App.5th 1157, defendant contends the trial court violated his federal and state constitutional rights by imposing fines and assessments without determining his ability to pay. Although the People dispute the specific grounds on which defendant may challenge the fines and assessments, they acknowledge the case should be remanded based on the aforementioned changes to section 654 and agree defendant may raise any objections to the fines and assessments on remand. Under these circumstances, we need not resolve defendant's contention. On remand, defendant may raise any objections to the fines and assessments he deems appropriate, and we express no opinion as to the resolution of those objections.

D.      *Abstract of Judgment*

The People note that the abstract of judgment lists three-year terms for defendant's possession of a firearm by a convicted felon conviction and his possession of ammunition by a person prohibited from owning a firearm conviction, which is inconsistent with the trial court's oral pronouncement, which imposed a two-year concurrent term for each of the two convictions. We agree these errors must be corrected on remand. (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385 ["[w]here there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls"].) We will direct the trial court to prepare an abstract of judgment that accurately reflects the oral pronouncement after it has resentenced defendant, as discussed above.

8

### III.  DISPOSITION

The matter is remanded for resentencing consistent with this opinion and to allow the trial court to exercise its new sentencing discretion under Assembly Bill 518.  After resentencing, the trial court is directed to prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.

/S/

_____

RENNER, J.

We concur:

/S/

_____

DUARTE, Acting P. J.

/S/

_____

BOULWARE EURIE, J.

9